# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT JOSEPH WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-528-R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 20) filed by Defendant, the United States of America. Therein Defendant asserts that Plaintiff cannot proceed on certain of his claims related to the alleged medical malpractice at the Oklahoma City VA Hospital, because Plaintiff failed to exhaust his administrative remedies as required by the Federal Tort Claims Act ("FTCA"). Plaintiff contends that his "Claim for Damage, Injury, or Death" (SF-95) was sufficient to apprise the Government as to the basis of his claims, and that dismissal is therefore improper. Having considered the parties' submissions, the Court finds as follows.

Plaintiff's Complaint alleges the following:

On or about the 27th of November 2015, Plaintiff presented to defendant for his medical care and treatment, specifically to address redness, swelling and pain in his right ankle. Defendant's employees, acting within the scope of their employment, failed to diagnose a bacterial infection instead treating for gout with one or more medications which exacerbated the untreated infection. Defendants (sic) negligence includes failing to follow up or communicate the importance of returning upon any change in his condition, unreasonable and unnecessary delay in treating, and failure to manage the treatment of his infection and diabetes related ulcer. Defendant and Defendant's employees have a duty to provide medical treatment in

accordance with the applicable standard of care for such procedures and for which a duty is ow[ ]ed. In operating the Veterans Administration Hospital, Defendant owed a duty to Plaintiff to hire, train and supervise personnel in order to provide reasonable medical care to him at all times. As a direct result of Defendant's negligence, Plaintiff's condition turned to the worse to such an extent he later had no choice but to undergo surgical amputation of his right foot and lower leg in addition to other severe, permanent injuries and damages.

Complaint, ¶¶ 9-14 (paragraph numbers omitted). Plaintiff seeks relief pursuant to the FTCA, 28 U.S.C. § 2675(a), which required that he first comply with certain procedural requirements necessary for waiver of the federal government's sovereign immunity.

The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit. *Trentadue v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). A plaintiff who sues under the FTCA must comply with the statute's notice requirements, which are jurisdictional, cannot be waived, and must be strictly construed. *Id.* (citation omitted). "The jurisdictional statute, 28 U.S.C. § 2675(a), requires that claims for damages against the government [first] be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Id.* (citations omitted). The purpose of the notice requirement is to "'allow the agency to expedite the claims procedure and avoid unnecessary litigation by providing a relatively informal nonjudicial resolution of the claim.'" *Id.* (quoting *Mellor v. United States*, 484 F. Supp. 641, 642 (D. Utah 1978)). "A claim is properly presented to an agency only if the language of the claim 'serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct.'" *Barnes v. United* States, 707 Fed. Appx. 512, 516 (10th Cir. 2017) (quoting

*Staggs v. United States,* 425 F.3d 881, 884 (10th Cir. 2005).

> Plaintiff's FTCA claim form stated the following as the "Basis of Claim
>
> Agents of VA Hospital in Oklahoma City, OK diagnosed claimant's diabetic ulcer as gout and discharged him from the Emergency Department. Claimant subsequently had below knee amputation.

Where the form requested the nature and extent of each injury, Plaintiff submitted:

> Claimant had below knee amputation on December 11, 2015 as a result of agents of VA Hospital's negligence in failing to properly diagnose Claimant's diabetic ulcer on November 27, 2015.

Doc. No. 1-1.[1] Defendant concedes Plaintiff's claim was sufficient to apprise the Government of his first claim, that he was misdiagnosed by the VA on November 27, 2015. The United States contends, however, that his remaining theories of liability were not sufficiently alleged in his Claim for Damage, Injury or Death, except to the extent Plaintiff relies on that same date to support his contentions that Defendant delayed his treatment.

The Court first finds that Plaintiff's negligence claims are limited to the alleged negligent diagnosis and treatment on November 27, 2015. *See Barnes v. United States*, 17 Fed. Appx. 184, 187-88 (10th Cir. 2005) (limiting claims for negligent medical care of an inmate to the dates specifically identified in his FTCA claim). Additionally, Plaintiff failed to exhaust any claim related to the alleged negligent hiring, training, or supervision of the medical personnel that treated him on November 27, 2015. Because Mr. Wilson's administrative claim "included no mention of any possibility that [his] injuries were caused by negligent training and supervision," *Barnes*, 707 Fed. Appx. at 516, he cannot rely on

---

[1] The Claim identifies the relevant date as November 27, 2015.

these theories in support of the instant action. *See also Lopez v. United States,* 823 F.3d 970, 976-77 (10th Cir. 2016) ("Nothing in *Lopez's* administrative claim provided the government with notice that it needed to investigate whether the VA Hospital was negligent in credentialing and privileging Kindt.").

Plaintiff notes that the United States requested and conducted a voluntary interview with Plaintiff prior to denying his administrative claim and argues, without citation to any authority, that this interview gave the United States the opportunity to discover the full breadth of his administrative claim. The Court is without any information regarding what transpired during the interview, and Plaintiff points to no law that would permit him to expand the nature of his administrative claim in the manner he suggests. Accordingly, the Court rejects Plaintiff's attempt to do so.

For the reasons set forth herein, Defendant's Partial Motion for Dismissal is GRANTED in that the Court lacks jurisdiction over any claim not related to the alleged misdiagnosis, mistreatment and delay of treatment on November 27, 2016, as it relates to the eventual amputation of his leg.

IT IS SO ORDERED this 8th day of February 2018.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE